By ODLE CLOSE, Register:

2 [On the 18th day of January, 1868, upon the application of Charles Walke, a creditor of the above named bankrupt, I issued an order for the examination of said bankrupt, returnable at my office at White Plains, New York, on the 5th day of February, 1868, at ten a. m. On the return day of said order, Mr. Conable appeared as attorney for said creditor, and Mr. Taggart as attorney for said bankrupt. Mr. Taggart, in behalf of said bankrupt, insisted that said bankrupt was entitled to his fees as a witness. Mr. Conable, on the other hand, insisted that he was bound to appear and submit to an examination, pursuant to the order, and was not entitled to any fees. The undersigned decided that said bankrupt was bound to appear and submit to such examination pursuant to said order, without fees. Whereupon, at the request of the counsel for said bankrupt that the same should be certified to the judge for his opinion thereon, the question is submitted as to whether said bankrupt, who is required by an order of the court to appear before the register and submit to an examination, is entitled, before being examined, to be paid witness' fees. The undersigned is of opinion that said bankrupt is not entitled to such fees. Section 26 of the bankrupt act [of 1867 (14 Stat. 529)] provides, "that the court may, on the application of the assignee in bankruptcy, or of any creditor, or without any application, at all times require the bankrupt, upon reasonable notice, to attend and submit to an examination on oath," &c. I find no provision in the act allowing the bankrupt fees as a witness in such cases. He may be required to submit to an examination without the application of a creditor; in such case it is difficult to see from whom he could obtain fees as a witness. The bankrupt applies to the court to be discharged from all his liabilities, and it would seem to the undersigned but reasonable that he should attend at the instance of a creditor whose debt is to be swept away by the discharge, and submit to an examination as to his property. All of which is respectfully submitted.] 2

BLATCHFORD, District Judge. The register was correct in his decision.

[Subsequently the bankrupt was granted a discharge. See Case No. 10,475.]

---

## Case No. 10,475.

### In re O'KELL.

[2 N. B. R. 105 (Quarto, 35).] 1

District Court, S. D. New York. 1868.

BANKRUPTCY — SPECIFICATIONS IN OPPOSITION TO DISCHARGE—BURDEN OF PROOF.

Where specifications are filed in opposition to the discharge of a bankrupt, the burden of proof is on the creditor, and when he fails to show just cause for refusing a discharge, it must be granted.

[In the matter of William O'Kell, a bankrupt. See Case No. 10,474.]

S. C. Conable, for creditor.
W. H. Taggart, for bankrupt.

BLATCHFORD, District Judge. I have carefully examined the testimony in this case in connection with the eight specifications filed on the part of Charles Walke, a creditor, in opposition to the discharge of the bankrupt, and am not satisfied that any one of the specifications is sustained by the proofs. The burden of proof is on the creditor, and although the character of the evidence is such as to show that the creditor was justified in examining closely into the transactions of the bankrupt, and in opposing his discharge, and there are many things disclosed by the testimony that are quite discreditable to the bankrupt, I cannot say that anything is shown that will warrant the withholding of a discharge. A discharge is therefore granted.